Slip Op. 12-127

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,**  Plaintiff,  v.  **ACTIVE FRONTIER INTERNATIONAL, INC.,**  Defendant. | Before: Timothy C. Stanceu, Judge  Court No. 11-00167 |

## OPINION AND ORDER

[Denying without prejudice plaintiff's motion to amend the complaint]

Date: October 3, 2012

*Carrie Dunsmore*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for plaintiff. With her on the motion were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel on the motion was *Jean M. Del Colliano*, Office of the Associate Chief Counsel, U.S. Customs and Border Protection, of New York, NY.

Stanceu, Judge: Plaintiff brought this action to recover a civil penalty under section 592 of the Tariff Act of 1930, 19 U.S.C. § 1592 (2006) ("Section 592"),[1] from Active Frontier International, Inc. ("AFI" or "Active Frontier"), a New York corporation, alleging that AFI falsely declared the country of origin of wearing apparel on seven entries made during 2006 and 2007. Compl. ¶¶ 1, 3, 16 (May 31, 2011), ECF No. 2. In a previous Opinion and Order, issued on August 30, 2012, the court denied plaintiff's application for a judgment by default for a civil

---

[1] Further citations to the Tariff Act of 1930 are to the relevant portions of Title 19 of the U.S. Code, 2006 edition.

penalty in the amount of $80,596.40, concluding that the complaint lacked well-pled facts establishing defendant's liability for a civil penalty. *U.S. v. Active Frontier International, Inc.*, 36 CIT __, __, Slip Op. 12-112, at 1-2 (Aug. 31, 2012) ("*Active Frontier*"). The court was unable to conclude from the facts alleged in the complaint that false country of origin statements alleged to have been made by AFI in entering the merchandise were "material" within the meaning of section 592(a)(1)(A)(i). *Id.*, 36 CIT at __, Slip Op. 12-112 at 14. The Court allowed plaintiff thirty days from the date of its previous Opinion and Order to seek leave to amend the complaint according to USCIT Rule 15(a). *Id.* The court stated that the absence of a timely motion to amend would result in a further order giving notice of the pending dismissal of this action according to USCIT Rule 41(b)(3). *Id.* In a motion filed on October 1, 2012, plaintiff seeks the court's leave to amend its complaint but lodges no proposed amended complaint in support of its motion. Mot. to Amend, ECF No. 16.

Rule 15(a)(2) instructs that "[t]he court should freely give leave" to amend a pleading "when justice so requires." USCIT R. 15(a)(2). In exercising its discretion when ruling on a motion to amend a complaint, a court may consider various factors, including whether the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."); *see also* 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1487, at 701 (3d ed. 2010).

Here, plaintiff seeks to gain the court's advance consent for the filing of an amended complaint the court has not yet seen. Moreover, plaintiff's motion otherwise sheds no light on

how plaintiff intends to remedy the deficiencies that exist in the complaint now before the court. *See Active Frontier*, 36 CIT at \_\_, Slip Op. 12-112 at 5-6. Plaintiff's motion speaks only in the vaguest of terms, stating an intention to "expand [its] pleading of the element of materiality, pursuant to this Court's August 30, 2012 Order" by "clarify[ing] the Government's allegations against Active Frontier and address[ing] the concerns raised by the Court in its August 30, 2012 decision." Mot. to Amend 1-2. In the motion, plaintiff assures the court that its proposed amended complaint "is not futile," *id.* at 2, and adds that "we are unaware of a basis on which our proposed amendment could be deemed futile," *id.* at 3. However, plaintiff offers in its motion nothing upon which the court could make its own futility determination. In these circumstances, in which the inadequacy of the motion to amend precludes the court from determining whether "justice so requires" allowing an amended pleading, USCIT R. 15(a)(2), the court considers it appropriate to deny plaintiff's motion. *See Roskam Baking Co., Inc. v. Lanham Machinery Co.*, Inc., 288 F.3d 895, 906 (6th Cir. 2002) (stating that "the court must have before it the substance of the proposed amendment" to determine whether 'justice so requires'"); *see also Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (holding that district court did not abuse its discretion in denying a motion to amend the pleading "because [movant] did not propose any new facts or legal theories for an amended complaint and therefore gave the Court no basis to allow an amendment").

Plaintiff also argues in its motion that it did not "request leave to amend [its] complaint after undue delay" and did not move "in bad faith or with a dilatory motive." Mot. to Amend 2. Without deciding the question raised by plaintiff's contention concerning the lack of a dilatory motive, the court notes that plaintiff requests an order under which it would be granted leave to amend its complaint and also be ordered to file the amended complaint "within three days of the

Court['s] granting this motion." *Id*. at 3.  For the reasons stated previously, the court declines to rule favorably on a proposed amended complaint that it has not seen and that would require the court to speculate as to what new factual allegations plaintiff might make.  In so declining, the court opines that plaintiff would have been better served by including the proposed amended complaint with its motion or, were that not possible due to relevant circumstances, by seeking an enlargement of the time period allowed in the court's August 30, 2012 Opinion and Order.

In conclusion, the court will deny plaintiff's motion because it is unable to find within that motion a basis upon which to make the determination of futility appropriate to a ruling under USCIT Rule 15(a)(2).

Upon consideration of plaintiff's motion to amend the complaint, as filed on October 1, 2012, and all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's motion to amend the complaint be, and hereby is, denied without prejudice to the filing of another motion under USCIT Rule 15(a)(2) to amend the complaint that is accompanied by a proposed amended complaint; and it is further

**ORDERED** that plaintiff shall have three days from the date of this Opinion and Order in which to file a motion under USCIT Rule 15(a)(2) to amend the complaint that is accompanied by a proposed amended complaint.

In the absence of a timely Rule 15(a)(2) motion in response to this Opinion and Order, the court, through a further order, will require plaintiff to show cause as to why this case should not be dismissed according to USCIT Rule 41(b)(3).

/s/ Timothy C. Stanceu  
Timothy C. Stanceu  
Judge

Dated: October 3, 2012  
      New York, New York