**Slip Op. 13-**8

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,** | |
|                   Plaintiff, | |
| v. | **Before: Timothy C. Stanceu, Judge** |
| **ACTIVE FRONTIER INTERNATIONAL, INC.,** | **Court No. 11-00167** |
|                   Defendant. | |

## <u>OPINION AND ORDER</u>

[Granting plaintiff's third motion to amend its complaint]

Date: January 16, 2013

     *Carrie Dunsmore*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for plaintiff.  With her on the motion were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director.  Of counsel on the motion was *Jean M. Del Colliano*, Office of the Associate Chief Counsel, U.S. Customs and Border Protection, of New York, NY.

     Stanceu, Judge: Plaintiff brought this action to recover a monetary penalty under

section 592 of the Tariff Act of 1930, 19 U.S.C. § 1592 (2006) ("Section 592"),[1] from defendant

Active Frontier International, Inc. ("AFI" or "Active Frontier"), a New York corporation,

alleging that AFI falsely declared the country of origin of imported wearing apparel on seven

entries made between June 5, 2006 and March 2, 2007.  Compl. ¶¶ 1, 3, 6, 16 (May 31, 2011),

ECF No. 2.  Plaintiff contends that the entry documentation filed with U.S. Customs and Border

Protection ("Customs") variously identified one of three countries, Indonesia, South Korea or the

---

[1] Citations to Section 592 of the Tariff Act of 1930 as codified are to the relevant portions of Title 19 of the U.S. Code, 2006 edition.

Philippines, as the country of origin and that the wearing apparel instead was manufactured in

the People's Republic of China ("China").  *Id.* ¶¶ 6, 8(a)-(b).  Plaintiff seeks to recover

$80,596.40, representing 20% of the dutiable value of the seven entries of the merchandise, the

maximum penalty authorized by Section 592(c)(3)(B) (19 U.S.C. § 1592(c)(3)(B)) for a violation

based on negligence.  *Id.* ¶ 17, Prayer for Relief.  The Clerk of the Court entered AFI's default,

AFI having failed to plead or otherwise defend itself in response to the summons and complaint.

Entry of Default (Aug. 4, 2011), ECF No. 7.

      In its first opinion and order in this matter, issued August 30, 2012, the court denied

plaintiff's application for a default judgment on the ground that plaintiff did not allege facts

allowing the court to conclude that the false country of origin statements allegedly made by AFI

upon entry were "material" within the meaning of section 592(a)(1)(A)(i), 19 U.S.C.

§ 1592(a)(1)(A)(i).[2]  *United States v. Active Frontier International*, Inc., 36 CIT __, __, Slip

Op. 12-112, at 10-11, 14 ("*Active Frontier I*").  Plaintiff originally asserted, incorrectly, that all

wearing apparel on the seven entries was subject to a quantitative restriction (*i.e.*, "quota"); after

the court pointed out that this assertion appeared to be in error, plaintiff stated in a supplemental

brief that a quota applied only to some of the merchandise at issue in the case.  *Id.* at 9.  The

court stated in *Active Frontier I*:

> The error aside, both plaintiff's application and the supplemental brief allege facts
> beyond those stated in the complaint, which, in contrast to these two submissions,
> fails to describe the goods sufficiently to allow the court to conclude that some or

---

[2] Section 592(a)(1) provides, in pertinent part, that
[N]o person, by fraud, gross negligence, or negligence—
    (A) may enter, introduce, or attempt to enter or introduce any merchandise into
    the commerce of the United States by means of—
    (i) any document or electronically transmitted data or information, written or oral
    statement, or act which is *material* and false.
19 U.S.C. § 1592(a)(1) (emphasis added).

all of the goods fall within a class, kind, or category of apparel that was subject to a quantitative restriction.  Instead, the complaint offers only a vague description, "certain articles of wearing apparel manufactured in the People's Republic of China."  Compl. ¶ 6.  The alleged false origin statements could have affected the admissibility of all the merchandise, as described in the complaint, only if all wearing apparel of Chinese origin were subject to quota at the time the entries were made, which was not the case.  Plaintiff's complaint impermissibly would require the court to speculate that the unspecified apparel articles were quota merchandise.  Because the court must rule on plaintiff's application according to well-pled facts, facts not pled in the complaint but offered only in a subsequent submission will not suffice.

*Id.* at 9-10.  The court added that it "cannot conclude from the facts pled in the complaint that the alleged misstatements of country of origin made upon entry affected admissibility or had any potential to affect any other determination Customs or another agency was required to make under any law applying to the importation of the merchandise."  *Id.* at 11.

The court offered plaintiff an opportunity to seek leave to amend its complaint.  *Id.*, 36 CIT at __, Slip Op. 12-112, at 14.  Plaintiff's first motion to amend, filed on October 1, 2012, followed that order.  Mot. to Amend, ECF No. 16.  On October 3, 2012, the court denied plaintiff's motion to amend because plaintiff did not lodge a proposed amended complaint with its motion and thereby prevented the court from determining, for purposes of USCIT Rule 15(a)(2), whether the motion would be futile.  *United States v. Active Frontier International, Inc.*, 36 CIT __, __, Slip Op. 12-127, at 4.  The court gave plaintiff an opportunity to refile its motion accompanied by a proposed amended complaint.  *Id.*  On October 9, 2012, plaintiff refiled its motion and included a proposed amended complaint.  Pl.'s Second Mot. to Amend Compl., ECF No. 19; Am. Compl., ECF No. 19.  On October 24, 2012, the court held a telephonic status conference with plaintiff's attorneys.  Based on a discussion during the conference related to the question of materiality, plaintiff sought, and the court granted, leave to withdraw the motion without prejudice to the filing of a renewed motion to amend.  Order

(Oct. 24, 2012), ECF No. 20.  On October 31, 2012, plaintiff lodged another proposed complaint

to accompany a third motion to amend, which is now before the court.  Pl.'s Third Mot. to

Amend Compl., ECF No. 21 ("Pl.'s Mot."); *id.*, Ex. 1 ("Proposed Am. Compl.").

USCIT Rule 15(a)(2) directs that "[t]he court should freely give leave" to amend a

pleading "when justice so requires."  In ruling on a motion to amend a complaint, a court may

consider various factors, including whether the amendment would be futile.  *See Foman v. Davis*,

371 U.S. 178, 182 (1962); *Intrepid v. Pollock*, 907 F.2d 1125, 1128 (Fed. Cir. 1990).  If an

amendment would not survive a motion to dismiss pursuant to USCIT Rule 12(b)(5), it is

deemed futile.  *Kemin Foods v. Pigmentos Vegetales Del Centro*, 464 F.3d 1339, 1354-55

(citation omitted).  Normally, an amended complaint supersedes the original.  *See Pacific Bell*

*Telephone Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 1122 n.4 (2009) (citation

omitted).  Therefore, the court's futility inquiry looks only to the proposed amended complaint.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim of relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A claim has facial plausibility when it "raise[s] a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555 (internal citation omitted).  Determining whether the factual pleading

standard has been met is a "context-specific task that requires the reviewing court to draw on its

judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

The stated purpose of plaintiff's intended amendment is "to expand [the] pleading of the

element of materiality" and "to address the concerns raised by the Court in [*Active Frontier I*]."

Pl.'s Mot. 1, 4.  Unlike the original complaint filed in this action, Plaintiff's proposed amended

complaint draws a distinction between quota merchandise and non-quota merchandise,

identifying the specific tariff provisions declared by AFI in its entry documentation and the

dutiable value of the merchandise listed on each entry, identified by textile/apparel category.

Proposed Am. Compl ¶ 13.

In moving for leave to amend, plaintiff objects to the "narrow" materiality standard the

court articulated in *Active Frontier I*.  Pl.'s Mot. 4-9.  Plaintiff would have the court consider the

new proposed complaint under a broader view of materiality, submitting that this proposed

complaint "alleges that [AFI's] false statement [of country of origin] is material because each

entry at issue contained merchandise subject to quota, and [] explain[s] exactly what the relevant

quota was." *Id*. at 9 (citation omitted).  Reiterating some arguments it has made previously in

this case, which the court rejected, plaintiff submits that the proposed amended complaint sets

forth facts demonstrating materiality as to all merchandise at issue in this action, including some

merchandise plaintiff describes as not subject to quota.  *Id*. at 10 (citation omitted).

Having addressed in *Active Frontier I* the materiality standard for Section 592(a) as it

applies to this case, *Active Frontier I*, Slip Op. 12-112, at 4-14, the court is not persuaded by

plaintiff's repetition of its earlier arguments.  As the court then discussed, plaintiff's expansive

definition of materiality impermissibly would expand the concept beyond that which Congress

intended.  One argument plaintiff reiterates is that "when Active Frontier provided a false

statement of country of origin for each entry, the false statement was material to that entry, and

thus to all the goods in that entry." Pl.'s Mot. 9.  Plaintiff posits that a misstatement of country

of origin for a single entry cannot be material as to "some of the goods contained within that

entry . . . and not material as to other[s]." *Id*.  However, plaintiff does not cite to any authority,

either within the text of Section 592 or elsewhere, for the principle it advances.  The court sees

no reason why a false origin designation could not be material with respect to some merchandise

on a given entry, such as merchandise subject to quota, and on the particular facts presented be immaterial with respect to other merchandise on the same entry, such as non-quota merchandise. In this example, the determination of admissibility would involve the application of law to findings of fact specific to each the two types of merchandise in question. *See Active Frontier I*, Slip Op. 12-112, at 10-11. For these reasons, the court, in reviewing plaintiff's proposed amendment, applies the statutory construction of the term "material" discussed in *Active Frontier I.*

The only remaining question posed by plaintiff's motion is whether sufficient facts are pled to allow the court to view the alleged false origin statements as "material" within the meaning of Section 592(a)(1)(A)(i), properly construed.[3] *See United States v. Ford Motor Co.,* 463 F.3d 1286, 1296-98 (Fed. Cir. 2006) (futility is a sufficient ground to deny motion to amend complaint). The new complaint plaintiff lodges, like plaintiff's original complaint, fails to identify the imported merchandise with specificity. *See Active Frontier I*, 36 CIT __, __, Slip Op. 12-112, at 9-10. The court again is informed that the merchandise consists of "certain articles of wearing apparel manufactured in the People's Republic of China," Proposed Am. Compl. ¶ 6, a description too vague to allow the court to determine tariff classification and, accordingly, ascertain whether any of the merchandise at issue in this case falls within tariff

_____

[3] The proposed amended complaint does not raise a question as to the adequacy of pleading negligence on the part of defendant. It does not plead facts from which the court can conclude that AFI's alleged misstatements of country of origin made occurred by negligence, *see* Pl.'s Third Mot. to Amend Compl., Ex. 1 (Oct. 31, 2012), ECF No. 31 ("Proposed Am. Compl."), but this omission does not render the motion to amend futile. Section 592(e)(4) places the burden on the United States to show that an act or omission within the purview of the Section 592(a) occurred and shifts to the defendant the burden of establishing that the act or omission did not occur as a result of negligence. 19 U.S.C. § 1592(e)(4).

provisions to which a quota on Chinese apparel articles applied at the time of entry.[4]  Appearing

in paragraph 9(d) is the allegation that "[a]ccording to the entry information, each entry

contained merchandise that was listed under Harmonized Tariff Schedule (HTS) number

6204.63.3090."  *Id.* ¶ 9(d).  This allegation, which states no more than that plaintiff listed

subheading 6204.63.3090, HTSUS on its entry documentation, is not an allegation that goods

correctly classified within the identified subheading actually were imported and thus were

subject to the quota.  The *eo nomine* article description for subheading 6204.63.3090, HTSUS

identifies "water resistant women's or girls' suits, ensembles, suit-type jackets, blazers, dresses,

skirts, divided skirts, trousers, bib and brace overalls, breeches and shorts (other than swimwear)

of synthetic fiber."  Subheading 6204.63.3090, HTSUS (2006, 2007).  The proposed complaint

further states that "category 648" of the quota on Chinese-origin apparel "covered women's or

girl's synthetic fibers [all of which are classifiable under HTSUS 6204.63.3090]," *id.* ¶¶ 9(a)-

9(b), 9(d) (citations omitted), but this is a conclusion of law, not a factual allegation.[5]  In

summary, the proposed amended complaint leaves the court to speculate as to the actual class or

kind of apparel items that were imported under cover of each of the seven entries upon which

plaintiff has grounded its claim for a civil penalty.  Plaintiff's motion thus raises the question of

---

[4] In earlier submissions in this case, plaintiff identified the class or kind of merchandise for some but not all of the entries in this action.  *See Active Frontier I*, 36 CIT __, __, Slip. Op. 12-112, at 10 n.2.  The complaint plaintiff now proposes lacks such specificity for any entry.

[5] *See* Proposed Am. Compl. ¶¶ 9(a), 9(b) (citing *Establishment of Agreed Import Levels and the ELVIS (Electronic Visa Information System) Requirement for Certain Cotton, Wool, Man-Made Fiber, Silk Blend and Other Vegetable Fiber Textiles and Textile Products Produced or Manufactured in the People' Republic of China*, 70 Fed. Reg. 74,777 (Dec. 13, 2005); *Establishment of Agreed Import Levels for Certain Cotton, Wool, Man-Made Fiber, Silk Blend and Other Vegetable Fiber Textiles and Textile Products Produced or Manufactured in the People's Republic of China*, 71 Fed. Reg. 62,999 (Oct. 27, 2006)).

whether the standard established by the Supreme Court in *Twombly* and *Iqbal* is satisfied on the issue of whether the alleged false origin statements were material.  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Although the new proposed complaint fails to identify the imported merchandise with specificity, the court concludes that plaintiff's motion to amend should not be denied on the ground of futility.  In construing the complaint, the court must draw all reasonable inferences in favor of the plaintiff.  *See Cary v. United States*, 552 F. 3d 1373, 1376 (Fed. Cir. 2009) (citation omitted).  With respect to materiality of the alleged false origin statements, the complaint plaintiff lodges is saved from futility by a single sentence in paragraph 9(d): "By misstating the country of origin on these articles, Active Frontier allowed them to be entered into the country without having them count towards the quota on these goods."  Compl. ¶ 9(d).  The court construes this statement as an implied assertion of fact that the apparel items actually imported, whatever they were, were encompassed by the article description for subheading 6204.63.3090, HTSUS.  When read in the context of the other allegations in the proposed amended complaint, this statement alleges facts allowing the court to conclude that the alleged false origin statements made as to the imported quota merchandise were material within the meaning of Section 592(a)(1)(A)(i).  As applied to the country of origin of the imported apparel items subject to quota, the alleged false statements AFI is alleged to have made affected, or at least had the potential to affect, the administration of the quota by Customs.

For the reasons discussed in the foregoing, upon consideration of plaintiff's third motion to amend the complaint, as filed on October 31, 2012, and all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's third motion to amend the complaint be, and hereby is, granted.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: January 16, 2013
        New York, New York